*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MY MICHIGAN MEDICAL CENTER SAGINAW,

Plaintiff-Appellee,

v

PRECISION RADIOGRAPHY, PLLC, and NEAL BHATT,

Defendants-Appellants.

UNPUBLISHED
March 18, 2026
11:17 AM

No. 376010
Saginaw Circuit Court
LC No. 25-000112-CB

Before: RIORDAN, P.J., and O'BRIEN and YOUNG, JJ.

PER CURIAM.

Defendants, Precision Radiography, PLLC, and Dr. Neal Bhatt, appeal by leave granted[1] a decision granting a preliminary injunction to plaintiff, MyMichigan Medical Center Saginaw (MyMichigan), and ordering Dr. Bhatt to not provide radiation-oncology services to a competing hospital. We dismiss this appeal as moot.

## I. BACKGROUND

As the result of a professional-services agreement between Precision and MyMichigan's predecessor, Ascension St. Mary's Hospital (ASMH), Dr. Bhatt signed a noncompetition agreement under which he agreed to not provide radiation-oncology services to another hospital within 15 miles of an ASMH hospital for one year after termination of the professional-services agreement. After ASMH was acquired by MyMichigan, Precision and MyMichigan entered into contractual negotiations that resulted in Precision giving notice of its intent to terminate the professional-services agreement. Subsequently, Dr. Bhatt began to work at Covenant Health, a competing hospital, located within 15 miles of an ASMH hospital. MyMichigan sued for breach of contract and asked the trial court to issue a preliminary injunction to prevent Dr. Bhatt from providing radiation-oncology services to the competing hospital. Following hearings on the

---

[1] *My Mich Med Ctr Saginaw v Precision Radiography PLLC*, unpublished order of the Court of Appeals, entered June 18, 2025 (Docket No. 376010).

motion, the trial court issued a preliminary injunction that prevented Dr. Bhatt from doing so. This Court stayed the injunction pending appeal. *My Mich Med Ctr Saginaw v Precision Radiography PLLC*, unpublished order of the Court of Appeals, entered June 18, 2025 (Docket No. 376010).

## II. ANALYSIS

This Court reviews de novo whether an issue is moot. *In re Tchakarova*, 328 Mich App 172, 178; 936 NW2d 863 (2019). Courts must address questions of mootness as they arise. *Equity Funding, Inc v Village of Milford*, 342 Mich App 342, 349; 994 NW2d 859 (2022). An issue is moot if it presents nothing more than an abstract legal question that does not rest on existing facts or an actual controversy. *Thomas M Cooley Law Sch v Doe 1*, 300 Mich App 245, 254; 833 NW2d 331 (2013). However, even if moot as a practical matter, this Court may consider an issue that is of public significance and is likely to recur but evade judicial review. *Gleason v Kincaid*, 323 Mich App 308, 315; 917 NW2d 685 (2018).

In this case, the professional-services agreement prevented Dr. Bhatt from providing services to a competing hospital for one year after its termination, which occurred on January 2, 2025. Although MyMichigan asked the trial court to extend the restriction by the amount of time Dr. Bhatt had worked at the competing hospital, the court's order did not do so. Thus, even if we were to affirm the trial court's order requiring Dr. Bhatt to comply with the noncompetition agreement, our decision would answer only an abstract legal question because the order no longer had a practical effect as of January 2, 2026. Additionally, the enforcement of a noncompetition agreement between one physician and one hospital is not a matter of public significance that would warrant considering the issue on the merits. Therefore, we dismiss this appeal as moot.

Dismissed.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Adrienne N. Young

-2-